14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth WATERS, Defendant-Appellant.
 No. 93-3438.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Waters, a federal prisoner, appeals his conviction and sentence entered following his guilty plea to two counts of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1992, Waters was indicted on the two counts described above. He pleaded guilty to both counts on February 2, 1993, pursuant to a Fed.R.Crim.P. 11(e)(1)(B) plea agreement. The district court sentenced Waters on April 20, 1993, to a total of 120 months of imprisonment and four years of supervised release, as recommended by the government pursuant to the plea agreement.
 
 
 3
 Waters' court-appointed appellate counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel raises the issue of whether Waters should be allowed to withdraw his guilty plea on the grounds of ineffective assistance of trial counsel, based upon counsel's alleged failure to advise Waters to proceed to trial with an entrapment defense, and entering a plea under the influence of drugs.
 
 
 4
 Upon review, we conclude that counsel should be permitted to withdraw because Waters's appeal is frivolous. The brief submitted pursuant to Anders reflects a careful review of the record and adequately sets forth conceivable errors in Waters' proceedings. We affirm the district court's judgment because that court did not err in accepting Waters's guilty plea or in imposing sentence.
 
 
 5
 After sentence has been imposed, a guilty plea may be set aside only on direct appeal or pursuant to a motion to vacate under 28 U.S.C. Sec. 2255. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Davis, 954 F.2d 182, 184 (4th Cir.1992). Fed.R.Crim.P. 32(d) creates a near-presumption against such a post-sentence motion to withdraw, which may be granted only upon the defendant's proof that the action is necessary to correct a manifest injustice. See Davis, 954 F.2d at 184; United States v. Christopher, 923 F.2d 1545, 1557 (11th Cir.1991); United States v. Teller, 762 F.2d 569, 574 (7th Cir.1985).
 
 
 6
 Waters has not made such a showing in this case. His principal basis for setting aside his guilty plea is an allegation of ineffective assistance of counsel. The general rule is that a defendant may not raise an ineffective assistance of counsel claim on direct appeal; however, when the record is adequate to assess the merits of the defendant's allegations, the claim may be considered. See United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam), cert. denied, 1993 WL 233377 (U.S. Oct. 4, 1993). In Waters's case, the record is sufficient to consider and reject the claim.
 
 
 7
 To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Counsel's performance clearly fell within the bounds of reasonably effective assistance. Waters admitted his guilt to the charged offenses under oath at his plea proceeding. The presentence investigation report (PSI), to which Waters did not object, established that both drug sales were recorded using video and audio equipment. In addition, Waters admitted to the probation officer that these were not the only occasions on which he had sold cocaine. These facts undermine any entrapment argument Waters could have hoped to present. In light of the evidence the government was prepared to present, counsel served his client well by negotiating a three-level downward adjustment in offense level for acceptance of responsibility. This adjustment reduced Waters's applicable guideline sentencing range from 151-188 months to 108-135 months. Under the circumstances, Waters's conclusory assertion that he would have insisted on going to trial with an entrapment defense is simply not plausible.
 
 
 9
 Waters's second ground for setting aside his plea--that he was confused during the proceedings because he was under the influence of drugs and alcohol--is unsupported by the record. Waters was free on bond from November 6, 1992, until February 11, 1993. During that time, according to the PSI, twelve urine specimens were collected, with the last four testing positive for cocaine. Those specimens were collected on January 14, January 25, January 28, and February 8, 1993. It is, therefore, possible that Waters still had cocaine in his system on February 2, 1993, when he entered his guilty plea. However, the transcript of the plea hearing establishes that Waters was lucid and knowledgeable about the ongoing proceedings. Moreover, it must be presumed that drugs were not available to Waters during the time between his arrest on February 11 and sentencing on April 8, 1993. If Waters had wished to reconsider his guilty plea, there was ample time before sentencing in which to do so.
 
 
 10
 Finally, we have reviewed the transcript of Waters's guilty plea and are satisfied that the plea was voluntarily, knowingly, and intelligently given. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 11
 Accordingly, we grant counsel's motion to withdraw, and affirm the district court's judgment, entered on April 20, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.