19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edmund John RODZIK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2523.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Edmund John Rodzik pleaded guilty to five counts of bank robbery. The district court sentenced him to 68 months in prison and imposed a $250 special assessment, and $13,197 in restitution pursuant to the Victim and Witness Protection Act, 18 U.S.C. Sec. 3663.
 
 
 3
 On July 17, 1993, Rodzik filed his Sec. 2255 motion claiming that the order of restitution was erroneous because it was not accompanied by specific findings that he was financially capable of paying restitution. The district court denied Rodzik's motion in an order dated November 12, 1993.
 
 
 4
 On appeal, Rodzik argues that the district court erred in finding that he held a substantial equity in his family home. He maintains that he holds no equity in his family home. He further argues that, under Michigan's tenancy in common law, the government is barred from liquidating his wife's assets to satisfy the order of restitution.
 
 
 5
 Upon review, we affirm the district court's order because Rodzik has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Hawkins, 969 F.2d 169, 176 (6th Cir.1992) (per curiam), cert. denied, 113 SCt. 1021 (1993).
 
 
 6
 Rodzik's claim that the order of restitution was erroneous because it was not accompanied by specific findings that he was financially capable of paying restitution is without merit. This court has refused to require the sentencing court to make factual findings regarding a defendant's financial ability to pay restitution. United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987). A defendant's ability to pay is only one factor to be considered. United States v. Miller, 900 F.2d 919, 925 (6th Cir.1990). Furthermore, where the sentencing court has before it a presentence report containing detailed information on the defendant's financial condition, this is sufficient indicia that the court considered this information before ordering restitution. United States v. Padgett, 892 F.2d 445, 449 (6th Cir.1990).
 
 
 7
 Rodzik does not dispute that, prior to ordering restitution, the sentencing court had the benefit of a complete presentence report detailing Rodzik's financial condition and ability to pay. The court considered Rodzik's financial condition, and in light of the substantial equity he holds in his family home, determined that he is able to pay restitution as provided for in the plea agreement. Thus, Rodzik's Sec. 2255 motion was properly denied.
 
 
 8
 Rodzik's additional arguments asserted on appeal are not properly before the court as they were not initially raised in the district court, and no exceptional circumstances warrant addressing them now. See Foster v. Bardow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.