25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry Dean DUSENBERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-4386, 94-3011.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 N.D.Ohio No. 92-02163
 N.D.Ohio
 
 1
 BEFORE: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge, and ENSLEN, District Judge.*
 
 
 2
 Larry Dean Dusenbery appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement, Dusenbery pleaded guilty in the district court in June 1986 to possession with intent to distribute cocaine and to tampering with a witness. Dusenbery was sentenced to a cumulative sentence of 12 years of imprisonment with a 6 year special parole term. Dusenbery did not file a direct appeal.
 
 
 4
 Thereafter, Dusenbery filed his motion to vacate sentence alleging: (1) that his guilty plea was involuntary because he was not informed that he faced a 6 year special parole term; and (2) that he received ineffective assistance of counsel because counsel advised him to plead guilty despite a meritorious motion to suppress evidence which was pending in the district court at the time. After petitioner twice was permitted to amend his motion and a transcript of petitioner's sentencing was filed, the government responded in opposition. Petitioner submitted a reply and counsel was appointed for petitioner. Counsel submitted a supplemental brief. Thereafter, the district court denied petitioner's motion as without merit. Two timely notices of appeal were filed by counsel and by petitioner pro se.
 
 
 5
 On appeal, petitioner is proceeding pro se and waives his claim that he was not informed that he faced a 6 year special parole term, but reiterates his claim that he received ineffective assistance of counsel. Also, petitioner contends that the district court should have conducted an evidentiary hearing and should have appointed substitute counsel to represent him. Upon consideration, we conclude that the judgment should be affirmed for the reasons stated by the district court in its memorandum opinion filed December 20, 1993. Essentially, petitioner cannot show a reasonable probability that, but for counsel's alleged error, petitioner would have pleaded not guilty and would have insisted upon proceeding to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 6
 Finally, petitioner's contentions that a hearing should have been conducted and that replacement counsel should have been appointed are without merit. An evidentiary hearing is required only where the record does not conclusively show that petitioner is not entitled to relief. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Here, the record reflects that petitioner is not entitled to relief. As noted by the district court, petitioner represented his satisfaction with his appointed counsel's representation. Thus, the claim that substitute counsel should have been appointed lacks merit.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT
 
 
 *
 The Honorable Richard S. Enslen, United States District Judge for the Western District of Michigan, sitting by designation