30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan BASS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4289.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Juan Bass, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August of 1989, a jury found Bass guilty of conspiracy to distribute "crack," possession with intent to distribute "crack," and use of a firearm in drug trafficking. Bass pleaded guilty to an additional count of making false statements to acquire a firearm. Bass was sentenced to a total of 120 months in prison. His convictions and sentence were affirmed by this court on appeal. United States v. Wilson, et al., Nos. 89-4118/4119 (6th Cir. April 29, 1991) (per curiam) (unpublished).
 
 
 3
 In his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255, Bass alleged that: 1) his arrest was made without probable cause which rendered illegal the search and seizure of drugs on which Bass's conviction was based; and 2) his trial counsel rendered ineffective assistance by failing to raise the probable cause issue and for generally failing to prepare and research the law surrounding his case. The district court determined that Bass had waived his right to object to the search warrant leading to his arrest and to the admissibility of any other evidence used in court and that Bass was precluded under Fed.R.Civ.P. 12(b)(3) from raising these issues in a Sec. 2255 motion. The district court also found that Bass had failed to show that his counsel was ineffective or that he was prejudiced under the standards set forth in Strickland v. Washington, 466 U.S. 668, 686 (1984). The district court thus denied the motion to vacate.
 
 
 4
 On appeal, Bass complains that a suppression hearing was never held, based on his allegation that the search warrant underlying the drug raid was invalid as it applied to him. He also repeats his allegation of ineffective assistance of counsel for his trial counsel's alleged failure to file a suppression motion based on lack of probable cause to arrest him at the time of the drug raid. Bass also presents a new argument that he was a victim of selective prosecution, because a female present in the house during the drug raid was permitted to leave, while he was arrested, although there was no more evidence or reason to detain Bass than to detain the female. Lastly, Bass complains that he was entitled to an evidentiary hearing on his Sec. 2255 motion.
 
 
 5
 To prevail, Bass must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Moreover, an evidentiary hearing need not be conducted on a Sec. 2255 motion if the files and records of the case conclusively show that the petitioner is not entitled to relief. Todaro, 982 F.2d at 1028; Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 Upon review, this court concludes that, with the exception of the ineffective assistance of counsel claim, Bass is raising issues that could have been raised in his direct appeal. Thus, these issues will not be considered, because Bass has not shown cause for his failure to raise these issues in his direct appeal or prejudice for his failure to do so. United States v. Frady, 456 U.S. 152, 167-69 (1982). It is well established that a collateral challenge to a conviction through a motion filed under Sec. 2255 may not do service for an appeal. Frady, 456 U.S. at 165; United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Although Bass argues that his trial counsel was ineffective for failure to raise these issues at trial, he has not shown why these issues were not raised in his appeal to this court, where he was represented by different counsel. Furthermore, Bass was not prejudiced by his failure to raise these issues, considering this court's conclusion in its order affirming Bass's conviction that the testimony presented by a co-defendant was "quite sufficient to support the jury's verdict." Lastly, contrary to Bass's argument, his trial counsel did file a suppression motion that was addressed by the trial court on August 28, 1989. Thus, the district court did not abuse its discretion by failing to hold an evidentiary hearing on these matters. Todaro, 982 F.2d at 1028.
 
 
 7
 Accordingly, the district court's order denying the motion to vacate is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.