28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael S. SPILLAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4224.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 1
 Before: JONES and RYAN, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Michael S. Spillan was convicted on all twenty-three counts of an indictment charging him with using a false social security number, uttering counterfeit securities, bank fraud and obstruction of correspondence. He was sentenced to a total term of seventy-one months of imprisonment and five years of supervised release. On direct appeal, Spillan argued, in part, that sentencing enhancements based both on his role as an organizer, U.S.S.G. Sec. 3B1.1(a), and on a finding that the offense involved more than minimal planning and more than one victim, U.S.S.G. Sec. 2F1.1(b)(2), resulted in double counting in violation of the prohibition against double jeopardy. His argument was unavailing; the conviction and sentence were affirmed on appeal. United States v. Spillan, No. 91-3539 (6th Cir. Apr. 23, 1993).
 
 
 4
 In his motion to vacate sentence, Spillan reasserted his claim of double counting. He maintained that a Sixth Circuit decision, published after his appeal was decided, specifically held that double counting results when a sentence is enhanced based both on the defendant's role as an organizer and on a finding that the offense required more than minimal planning. See United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992).
 
 
 5
 Upon review, we conclude that the motion was properly denied. Spillan has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Spillan's reliance on the Romano decision is misplaced. The Romano court held that enhancements under both sections resulted in double counting because the district court's finding that the offense involved more than minimal planning was based on its finding that the defendant was an organizer or leader; i.e., effective leadership necessarily involves more than minimal planning. See Romano, 970 F.2d at 166-67. The court of appeals found that "if certain conduct is used to enhance a defendant's sentence under one enhancement provision, the defendant should not be penalized for the same conduct again under a separate provision." Id. at 167. The district court erred in that case because the conduct reflected by the enhancement provision, the defendant should not be penalized for the same conduct again under a separate provision." Id. at 167. The district court erred in that case because the conduct reflected by the enhancement for more than minimal planning had already been taken into account under the enhancement for the defendant's role as an organizer or leader. Id.
 
 
 7
 Application of both enhancement provisions did not result in double counting in the present case. The district court found not only that the offense involved more than minimal planning but also that it involved a scheme to defraud more than one victim. While the minimal planning element is penalized by an enhancement for a defendant's role as an organizer, Sec. 3B1.1(a), the multiple victim element is not. Separate enhancements under the guidelines are appropriate when the district court properly determines that the defendant was both "an organizer, leader or manager," U.S.S.G. Sec. 3B1.1, and that the offense involved a "scheme to defraud more than one victim," U.S.S.G. Sec. 2F1.1(b)(2)(B). United States v. Aideyan, 11 F.3d 74, 76 (6th Cir.1993). Because the district court found that both of these elements were present, each enhancement provision could be independently applied.
 
 
 8
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation