37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Farid ASAD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5604.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Farid Asad, a pro se federal prisoner, appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Asad on April 19, 1992, of five counts of distributing cocaine, one count of possessing with intent to distribute cocaine, and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced on July 6, 1992, to 63 months in prison and four years of supervised release. Asad did not file a direct appeal.
 
 
 4
 In his motion to vacate, Asad raised two grounds for relief: (1) he had no predisposition to commit his crimes until enticed by a government informant, and (2) three kilograms of cocaine linked to a coconspirator should not have been included in determining Asad's sentence. The district court denied the motion in a memorandum and order entered on March 11, 1994, after finding that Asad's jury had rejected his entrapment defense at trial and that he could not now collaterally attack the jury's verdict.
 
 
 5
 On appeal, Asad argues that the district court failed to differentiate his lack of "predetermination" from entrapment. He moves for leave to proceed without prepayment of filing fees, and requests the appointment of counsel and a transcript at government expense.
 
 
 6
 Upon review, we affirm the district court's order because Asad has not shown a fundamental defect in his proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 The district court did not expressly address Asad's sentencing issue in its memorandum. However, because Asad did not raise that issue on appeal, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 The district court did not err in considering Asad's predisposition argument as an element of his entrapment defense, which was presented to the jury. See Mathews v. United States, 485 U.S. 58, 63 (1988). Moreover, non-constitutional claims, such as sufficiency of the evidence, that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion as such a motion will not do service for a direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970).
 
 
 9
 Accordingly, we grant in forma pauperis status for the purpose of this appeal only. We deny the requests for counsel and a free transcript. The district court's order, entered on March 11, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation