37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert CONLEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3411.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Robert Conlee appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Conlee pleaded guilty to one count of attempted possession of cocaine and the district court sentenced him to 120 months of imprisonment. On direct appeal, this court concluded that Conlee had knowingly and voluntarily entered his guilty plea and thus affirmed his conviction and sentence. United States v. Conlee, Case Nos. 90-3246/3476 (6th Cir. Oct. 7, 1991) (unpublished per curiam).
 
 
 4
 While his direct appeal was pending, Conlee filed a motion to vacate sentence alleging that the district court's judgment of conviction and sentence was invalid because the district judge was under investigation at the time he sentenced Conlee due to Conlee's own judicial misconduct complaint filed with the Court of Appeals. The district court determined that this allegation was without merit and denied the motion. This court affirmed that judgment on appeal. Conlee v. United States, Case No. 91-4200 (6th Cir. June 12, 1992) (unpublished order).
 
 
 5
 Conlee then filed a second motion to vacate sentence alleging that he received ineffective assistance of appellate counsel because counsel failed to communicate with Conlee about the progress of his direct appeal and counsel failed to raise certain issues requested by Conlee. The district court determined that Conlee was attempting to relitigate issues raised in his prior motion to vacate and denied the motion. Conlee has filed a timely appeal.
 
 
 6
 Upon review, we conclude that the district court correctly denied Conlee's motion to vacate sentence. Conlee has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Although we affirm the district court's judgment, we do so for somewhat different reasons. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). In his present motion to vacate, Conlee alleges ineffective assistance of counsel, an issue he had not raised on direct appeal or in his prior motion to vacate. However, Conlee's present motion to vacate constitutes an abuse of the writ because he had a prior opportunity to raise these claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-93 (1991). He has not shown cause or prejudice to excuse his failure to raise his claims at an earlier opportunity, nor has he shown that he is actually innocent of the crimes so as to prevent a fundamental miscarriage of justice. Id. at 493-94. Nonetheless, we conclude that Conlee did not receive ineffective assistance of counsel, as he was not prejudiced by any allegedly deficient performance provided by his counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation