42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. JORDAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3417.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1994.
 
 1
 Before: MILBURN, SUHRHEINRICH and LAY,* Circuit Judges.
 
 ORDER
 
 2
 William A. Jordan, a pro se federal prisoner, appeals a district court judgment, dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February 1991, Jordan pleaded guilty to unlawful distribution of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and was sentenced to 60 months of imprisonment. Jordan did not file a direct appeal.
 
 
 4
 In his motion to vacate sentence, Jordan argued that: 1) the court accepted his plea in violation of Fed.R.Crim.P. 11; 2) the government breached the plea agreement; 3) he received ineffective assistance of counsel when counsel did not inform Jordan of the minimum mandatory sentence; and 4) the court improperly refused to make a downward departure from the guidelines. Thereafter, Jordan filed a supplemental Sec. 2255 motion, arguing that: 5) his conviction was based on evidence obtained in an unlawful arrest; 6) the investigators entrapped him; 7) he did not confess voluntarily; 8) the government obtained evidence by means of an unlawful search and seizure; and 9) counsel rendered ineffective assistance.
 
 
 5
 Upon review, a magistrate judge concluded that Jordan's claims were without merit and recommended that the district court deny the motion. Over Jordan's objections, the district court adopted the magistrate judge's recommendation and denied the motion. Jordan has filed a timely appeal, reasserting his same claims. He also argues that his conviction was obtained through prosecutorial misconduct.
 
 
 6
 Upon review, we affirm the district court's judgment denying Jordan's motion because he has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Initially, it is noted that Jordan's claim that his conviction was obtained through prosecutorial misconduct was not raised in the district court. As there are no exceptional circumstances present, we will not address this claim for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 It is also noted that Jordan has waived his right to raise his claims enumerated 1 and 2 above because he did not raise them on direct appeal, and he has not shown cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Jordan has not asserted cause for his failure to raise these claims, and none is apparent from the record. For the following reasons, it is also clear that Jordan can show no prejudice as his claims are without merit.
 
 
 9
 A review of the record reflects that Jordan's guilty plea was entered voluntarily, knowingly and intelligently, see Brady v. United States, 397 U.S. 742, 749 (1970), and that he was informed of all the direct consequences of his plea. S ee id. at 755. Here, the magistrate judge informed Jordan about the nature of the charge and mandatory minimum sentence, and counsel explained to him about supervised release. Moreover, Jordan's plea agreement was not breached as the sentencing court is authorized to consider relevant conduct, even where such conduct is encompassed in a dismissed charge. See United States v. Pierce, 17 F.3d 146, 150 (6th Cir.1994). Jordan's counsel rendered effective assistance, see Strickland v. Washington, 466 U.S. 668, 687 (1984), as he informed Jordan of the consequences of his plea. Finally, Jordan has waived his right to pursue his remaining claims because his valid guilty plea waived all nonjurisdictional antecedent defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 10
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation