47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5995.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jimmy Johnson, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 A jury convicted Johnson in 1992 of possession with intent to distribute cocaine and cocaine base and carrying or using a firearm during and in relation to a drug trafficking crime. He was sentenced to a total of 211 months in prison. Johnson's direct appeal was voluntarily dismissed. United States v. Johnson, No. 92-6534 (6th Cir. March 8, 1993) (order).
 
 
 3
 In his present motion to vacate, Johnson raised four grounds for relief: (1) there was insufficient evidence to convict him on any count; (2) the prosecution failed to disclose evidence favorable to the defense as required by Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. Sec. 3500; (3) the prosecution knowingly used perjured testimony; and (4) counsel rendered ineffective assistance. The district court denied Johnson's motion in an order entered on July 1, 1994, holding that a claim of insufficient evidence was not cognizable in a motion to vacate under Sec. 2255, neither the Jencks Act nor the Brady rule was applicable to Johnson's case, and the prosecutorial misconduct and ineffective assistance of counsel claims were meritless because they were based upon the alleged Jencks Act/Brady violation.
 
 
 4
 On appeal, Johnson continues to argue the merits of his issues relating to the alleged Brady violation, prosecutorial misconduct, and ineffective assistance of counsel. In addition, he requests in forma pauperis status on appeal.
 
 
 5
 Upon review, we affirm the district court's order because Johnson has not shown a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 6
 Johnson does not raise on appeal his issues regarding insufficient evidence and violation of the Jencks Act. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and are not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992). In any event, both issues are completely meritless for the reasons stated by the district court.
 
 
 7
 Johnson's Brady issue is likewise without merit. Pursuant to the rule enunciated in Brady, the government is required to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. Brady, 373 U.S. at 87; United States v. Clark, 988 F.2d 1459, 1467 (6th Cir.), cert. denied, 114 S. Ct. 105 (1993). The statement at issue in this case was neither favorable to Johnson's defense nor material to his guilt or punishment; thus, it met neither requirement for disclosure under Brady.
 
 
 8
 Johnson also argues prosecutorial misconduct in the Assistant U.S. Attorney's (AUSA's) failure to inform defense counsel of defense witness Townsel's recanted statement and the AUSA's alleged knowing use of perjured testimony. Prosecutorial misconduct must be so egregious as to deny a petitioner a fundamentally fair trial before collateral relief becomes available. See Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974). The incidents complained of by Johnson do not meet this standard. In fact, there was no misconduct at all in failing to disclose Townsel's recantation before trial. Further, there is no evidence that the government knowingly used perjured testimony.
 
 
 9
 Finally, Johnson has failed to establish ineffective assistance of counsel. In order to do so, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The reviewing court must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. Id. at 690.
 
 
 10
 Johnson claims that counsel was ineffective in failing to conduct a redirect examination of Townsel after his recantation of his confession was elicited under cross-examination. However, the decision not to question Townsel was undoubtedly a matter of trial strategy and falls within the boundaries of effective assistance. Johnson also faults counsel's alleged inability to "think on her feet," citing specifically her delay in asking the trial court for permission to call AUSA Murphy to testify to the conversation they had about Townsel's motive to confess. As determined by the district court, however, this denial was not based upon counsel's one-day delay in making the motion. Thus, even if it is assumed that counsel should have made her motion immediately after Townsel's testimony, there was no prejudice to the defense because there is no reasonable probability that the results of the proceeding would have been different.
 
 
 11
 Accordingly, the motion to proceed in formal pauperis is granted for the purpose of this review only. The district court's order, entered on July 1, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.