**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Camillo TODARO, Defendant–Appellant.**

No. 92–3704.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 16, 1992.

Decided Jan. 12, 1993.

Bernard A. Smith, Stephen G. Sozio, Asst. U.S. Atty. (argued and briefed), Office of U.S. Atty., Cleveland, OH, for plaintiff-appellee.

Joseph E. Rutigliano (briefed), Rutigliano & Associates, Brian D. Dunbar (argued), Cleveland, OH, for defendant-appellant.

Before: KEITH and JONES, Circuit Judges; and JOINER, Senior District Judge.*

PER CURIAM.

Defendant Camillo Todaro appeals from the district court's denial of his motion to vacate his guilty plea. Todaro claims that his attorney promised him that he would be sentenced to probation if he pled guilty. Todaro was sentenced to seven months incarceration, seven months home detention and a period of two years of supervised release after pleading guilty to operating an illegal gambling business under 18 U.S.C. § 1955, as charged in one count of a two-count indictment. Todaro's motion to vacate was filed pursuant Fed.R.Crim.P. 32 and 28 U.S.C. § 2255. For the reasons that follow, we affirm the denial of Todaro's motion.

I.

Guilty Plea Record

On the morning that he was scheduled to go to trial, Todaro elected to change his plea to guilty. The terms of the plea agreement were then put on the record, and the court advised Todaro of his rights and inquired into the voluntariness of the plea.[1]

The court first informed Todaro of the permissible statutory sentence for the offense to which he was pleading guilty but advised Todaro that the sentencing guidelines would control his sentence. The assistant United States attorney then put the terms of the agreement on the record, most of which had to do with the allocation of points under the sentencing guidelines. Specific inquiries and statements were made on the issue of sentencing. The assistant United States attorney stated that

"[t]he parties agree to a period of supervised release of not less than two years, nor more than three years, *if a term of imprisonment is imposed.*" (Emphasis added.) The court again informed Todaro that the sentencing guidelines controlled the sentence to be given, and asked whether Todaro's attorney had reviewed the guidelines with him. Todaro's attorney, Jacqueline Johnson, answered yes.

THE COURT: You understand I will not be able to determine the sentence until I get a presentence report. You both [Todaro and his co-defendant] will have a chance to review it with your lawyers and have a chance to make any objections after I get that and review it.

Do you understand that?

MR. TODARO: Yes.

. . . .

THE COURT: And you understand that parole has now been abolished, so if there is time, you have to serve whatever time is given.

You understand that, Mr. Todaro?

MR. TODARO: Yes.

. . . .

THE COURT: And you understand also if the sentence may be more severe than expected, I will keep you bound to your plea, I would not let you withdraw your plea.

Mr. Todaro?

MR. TODARO: Yes.

. . . .

THE COURT: Have there been any threats or promises, other than stated in this plea agreement, to get you to change your plea?

MR. TODARO: No.

. . . .

THE COURT: Has anyone made a prediction to you or promised exactly how I will sentence you at the time of sentencing?

MR. TODARO: No.

None of the terms of the plea agreement is alleged to have been breached by the government.

---

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

**1.** No warnings or advice other than those pertaining to sentence are relevant to this appeal.

The court then confirmed that Todaro and his co-defendant wanted to plead guilty and accepted their pleas, finding that they were knowingly, intelligently and voluntarily made.

Sentencing Record

At the time of sentencing, the court first reiterated the terms of the plea agreement, stating specifically that "the parties further agree that if the Court imposes imprisonment, that the defendant will be placed on supervised release for a period of two to five years following imprisonment, and as a result there would not be an appeal." The court heard argument from the parties' attorneys, the government contending that "this is a guy that needs to be punished and needs to do some time in jail," and Todaro's attorney arguing that Todaro was not a threat to the community and that the objects of the criminal justice system would not be served by placing Todaro in jail. The court imposed sentence of seven months incarceration and seven months home detention, followed by two years of supervised release.

Todaro then stated, for the first time, that he had pled guilty with the understanding that he was going to get probation. The court noted that legally there was no possibility that Todaro could be sentenced to straight probation. The court stated that a written motion would be required to withdraw the plea, but inquired as to who allegedly made the promise of probation. Todaro said his attorney and his co-defendant's attorney promised probation, that he "was supposed" to say that he understood the court's explanation regarding sentencing, and that his attorney explained the sentence to him differently. Todaro asserted that "[t]he only reason I plead guilty—I got a court appointed lawyer. I didn't want to cost the Court no money, so we agreed on things that I don't feel I'm guilty of, your Honor."

The judge questioned the two defense lawyers. The co-defendant's lawyer said that his case was better than Todaro's, but said there was no promise of probation. "From day one, Mr. Todaro has heard things that he wants to hear and this has

been difficult from day one." Todaro's lawyer also denied promising probation. Johnson stated that she told him that if she was successful in her argument to the court he would be eligible for home detention, and advised him that they would have to wait for the presentence report.

> [T]o my client I said exactly what the guideline ranges were. I would do my best to make the argument which I did in Court today that he should receive the minimal sentence.
>
> . . . .
>
> No promise was made to him that he would receive straight probation. Because as you indicate, your Honor, under the guidelines that is not possible without a great departure, and I did tell Mr. Todaro that I would indeed argue for home detention, which I did.

Todaro made explicit the basis for his objections—that he never would have pled guilty if it meant he would have to go to jail. The court stated that Todaro had to file a written motion, but would remain free on bond. "[F]ile your motion, they will have a chance to oppose it. We will have a hearing, hear the evidence, and we will see where we go."

Motion and Ruling

Attorney Johnson filed a motion to withdraw and new counsel was appointed. Todaro then filed a motion to vacate his guilty plea, pursuant to both Fed.R.Crim.P. 32(d) and 28 U.S.C. § 2255. Todaro's motion reiterated the factual allegations he had made in court at the time of sentencing. The motion was supported by two affidavits, that of Todaro himself, and that of a friend, Judith Pallotto, who stated that she had heard statements of both Todaro's attorney and his co-defendant's attorney to the effect that Todaro would be getting probation or would not be going to jail. Pallotto did not claim that she had witnessed the promises of probation that Todaro alleges attorney Johnson had made to him before he pled guilty.

Rule 32(d) allows a motion to withdraw a guilty plea made before sentence is imposed, and states that the court may permit

the withdrawal of the plea upon a showing by the defendant of any fair and just reason. Rule 32(d) further states, however: "At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Because the oral motion to withdraw the guilty plea was made at the sentencing hearing, the district court elected to consider the motion under Rule 32. The court recited the pertinent facts, including attorney Johnson's denial of any promises regarding probation, and concluded that "there is no fair and just reason to permit the defendant to withdraw his plea of guilty."

## II.

██ We must first decide whether the district court had the authority under Rule 32(d) to rule on Todaro's motion. Neither party argues that Rule 32 applies, and it should not.

In *United States v. Baker*, 790 F.2d 1437 (9th Cir.1986), the court held that a district court was without jurisdiction to entertain a Rule 32 motion to vacate a plea where the motion was made after sentencing, and that the court of appeals thus lacked jurisdiction to consider the merits of the appeal from the denial of the motion. However, since the case was before the court on a direct appeal as well, the court went on to consider the contention that the plea should have been set aside.

Even though Todaro made his first request to withdraw his plea on the day of sentencing, the request was made after sentence was imposed, and thus Rule 32(d) does not provide a vehicle for a challenge to the plea. However, because Todaro's motion to vacate his plea was brought under both Rule 32(d) and 28 U.S.C. § 2255, this court will consider his arguments under the latter provision.[2]

Under 28 U.S.C. § 2255, Todaro must demonstrate the existence of "a fundamen-

tal defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" in order to be able to withdraw his plea. Fed.R.Crim.P. 32(d) advisory committee's note to 1983 amendment (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

Todaro claims that the court abused its discretion in failing to hold an evidentiary hearing on his motion as he contends is required by 28 U.S.C. § 2255.

Section 2255 states in pertinent part:

Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

(Emphasis added.)

In *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (per curiam), the Court remanded the case for an evidentiary hearing where, on the record before the Court, it could not "conclude with the assurance required by the statutory standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under § 2255...." *Id.* at 215, 93 S.Ct. at 1462. The Court's ruling was made in the context of a case in which factual allegations, in part documented in the record, supported the petitioner's claim that his guilty plea was coerced due to physical abuse, illness, heroin addiction and prolonged interrogation. It was on this basis that the this court distinguished *Fontaine* in *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986).

---

**2.** Section 2255 requires that a movant be "in custody" to have standing to file a motion. The government here contends that Todaro was not in custody within the meaning of section 2255 at the time he filed the motion, and that the district court could not have considered the

motion under that provision even if it had been so inclined. As we noted at oral argument, the authority relied on by the government in support of this contention is either outdated or overruled.

In *Baker*, the defendant challenged his guilty plea under section 2255 on three grounds: that his plea was induced by erroneous information given to him by his attorney about the maximum sentence he could receive if he went to trial; that the plea bargain included a promise broken by the government, i.e., to stand mute at sentencing; and finally, that the district court erred in not holding an evidentiary hearing before denying the motion.

The court ruled Baker's first challenge to be without merit, noting that Baker alleged only that his attorney had given him erroneous information about the possible maximum sentence. The record itself reflected that the district court had informed Baker of the correct maximum sentence. Implicit in the court's ruling is the acknowledgment that even if the attorney gave Baker incorrect information, the judge's advice on the record, as a matter of law, was sufficient to bar Baker from relying on a claim that he pled guilty on a mistaken assumption about the consequences of going to trial. *Baker*, 781 F.2d at 88.

Baker's second challenge was similarly defeated. Baker claimed that the government had agreed to stand mute at sentencing, and broke this promise by making a statement at sentencing, although not requesting any particular sentence. The alleged promise was not part of the plea agreement, and the plea transcript contained no reference to it. The court noted that Baker had expressly disclaimed any other understandings, promises or representations when answering the district court's questions pursuant to Fed. R.Crim.P. 11, and held that it was incumbent on Baker to inform the district court of all of the terms of the plea agreement when asked to do so. The court stressed that the Rule 11 inquiry was thorough, on the record and thus available for scrutiny, and that Baker had been advised that he must answer the judge's questions truthfully under penalty of perjury. The court stated that it agreed with the reasoning of the Fifth Circuit that "where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.' "

*Id.* at 90 (quoting *Moore v. Estelle,* 526 F.2d 690, 696–97 (5th Cir.), *cert denied,* 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976)).

Finally, Baker's claim that he was entitled to an evidentiary hearing was rejected because the record clearly revealed that his guilty plea was knowing and voluntary. Moreover, the plea was entered before, and Baker was sentenced by, the same judge who considered the section 2255 motion. For these reasons, no hearing was required. *Id.* at 92.

In two cases, one which pre-dated *Baker* and one which post-dated *Baker*, this court ruled that evidentiary hearings were required on motions challenging guilty pleas based on misadvice by the defendant's attorney as to the maximum sentence the defendant could receive if he went to trial. In *Sparks v. Sowders,* 852 F.2d 882 (6th Cir.1988), the court held that the attorney's alleged statement that the defendant could be sentenced to life without parole if he went to trial, where there was no such permissible sentence, was sufficient to require an evidentiary hearing to determine whether the defendant's plea was knowingly and voluntarily given. Significantly, the state court's warnings at the time of the plea did not address the maximum sentence that could be imposed after trial, and there was no indication on the record that the alleged statement by the attorney was contradicted by the state judge. The same situation existed in *Pitts v. United States,* 763 F.2d 197 (6th Cir.1985), a case relied on by Todaro. There the court remanded the case for an evidentiary hearing to determine whether 1) the alleged misstatements by the attorney as to the maximum sentence that could be imposed after trial had in fact been made; 2) whether this misadvice went uncorrected; and 3) whether Pitts would not have pled guilty but for the misadvice. *Id.* at 201.

In the instant case, the promise that Todaro alleges that his attorney made is directly refuted on the record. Thus he cannot claim, as did the movants in *Pitts* and *Sparks,* that he made his decision to plead guilty based on erroneous information,

which was *not* corrected by the trial judge. Like the movant in *Baker*, Todaro was given the correct sentencing information by the judge, that incarceration was a possibility, and, like the movant in *Baker*, Todaro expressly denied the existence of any other representations or promises. As in *Baker*, the "meticulous record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement." *Baker*, 781 F.2d at 92. As in *Baker*, the same judge presided over the plea, sentence and motion.

Moreover, in the instant case, the district court held an immediate hearing on the record as soon as Todaro challenged his plea and sentence. The district court questioned Todaro and both attorneys regarding the alleged promise of probation. Todaro was given ample opportunity to address the court regarding his contentions, and his claims were unequivocally refuted by both his own attorney and the attorney for his co-defendant.

■ Section 2255's reference to a hearing does not require a full blown evidentiary hearing in every instance, as this court recognized in *Baker*. Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made. Most assuredly, the words "grant a prompt hearing" are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

■ This is the situation presented here. The district judge conducted a hearing immediately after Todaro challenged his guilty plea. The judge interrogated both defense attorneys and Todaro himself. The judge who was called upon to decide the fact issues presented by Todaro's motion and allegations was the same judge who presided over Todaro's guilty plea.

There is only one matter relied upon by Todaro that is in any sense extrinsic to the record fully developed before the district court, the affidavit of Judith Pallotto. However, Pallotto does not even claim to have witnessed the alleged promise of probation on which Todaro bases his motion. Rather, Pallotto claims only to have heard the defense attorneys, some time *after* Todaro had pled guilty, make statements to the effect that Todaro would be getting probation. On these facts, we cannot require that the district court conduct an evidentiary hearing where the defendant himself denied that any "other promises" were made to him when he pled guilty, where both attorneys deny making the alleged promise, and where the witness cannot competently testify that the alleged promise was in fact made.

Like the Supreme Court in *Fontaine v. United States*, we recognize that a defendant who expressly represents in open court that his guilty plea is voluntary "may not ordinarily" repudiate his statements to the sentencing judge. *Fontaine*, 411 U.S. at 215, 93 S.Ct. at 1462. We further recognize that the plea procedure set forth in Fed.R.Crim.P. 11 "is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations." *Id.* (footnote omitted). Thus, in some cases, a hearing of some nature may be required under 28 U.S.C. § 2255 to resolve fact issues raised to challenge a guilty plea.

■ On the facts of this case, however, we hold that no hearing beyond that granted by the district court was required. Todaro has not demonstrated the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). We therefore AFFIRM the judgment of the district court.