30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl STANLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3099.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Earl Stanley appeals a district court order denying a motion he filed pursuant to 28 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 4, 1984, Stanley pleaded guilty to counterfeiting money orders of a lending agency in violation of 18 U.S.C. Sec. 493 and to aiding and abetting in violation of 18 U.S.C. Sec. 2. On June 11, 1984, he was sentenced to a four year term of incarceration on each count, to be served consecutively, for a total of 96 months. Stanley was paroled from federal prison on March 29, 1991, after serving 81 months of his sentence.
 
 
 4
 Stanley was arrested again on July 10, 1991, and a federal parole violation detainer was lodged against him. On December 3, 1991, he was indicted on a state drug charge. Stanley pleaded guilty to the state charge on August 24, 1992, and was subsequently sentenced to one year in state prison, to be served concurrently with the federal parole violation. Stanley was incarcerated in a state facility on August 28, 1992. He was released on June 23, 1993, after serving 10 months in custody.
 
 
 5
 On May 26, 1993, a federal grand jury returned a one-count indictment against Stanley for counterfeiting of federal reserve notes, a violation of 18 U.S.C. Sec. 471. That case is currently pending in the Northern District of Ohio.
 
 
 6
 In support of his Sec. 2255 motion, Stanley maintained that the time he had spent in custody was in excess of his prescribed sentence. He also claimed that the United States Marshal failed to take custody of him after he was sentenced in state court. The district court dismissed Stanley's Sec. 2255 motion in a memorandum and order filed November 23, 1993.
 
 
 7
 On appeal, Stanley argues (1) that he served a sentence in excess of the 96 months imposed by the district court on June 11, 1984, and (2) that the district court erred in failing to afford him credit for time served.
 
 
 8
 Initially, we note that because Stanley does not renew his claim that the United States Marshal failed to take custody of him after he was sentenced in state court, the issue has been abandoned. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Upon review, we conclude that because Stanley has failed to show a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process, he is not entitled to relief under Sec. 2255. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Hawkins, 969 F.2d 169, 176 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1021 (1993).
 
 
 10
 As of his release on March 29, 1991, Stanley had been incarcerated on the 1984 conviction for a total of 81 months. Beginning in August, 1992, he served an additional ten months on an unrelated state drug charge. He served the ten months concurrently with time imposed for a federal parole violation on the 1984 conviction. Since Stanley served a total of 91 months in prison, and his original sentence was for 96 months, Stanley's prison time was not in excess of the original sentence imposed June 11, 1984.
 
 
 11
 As to the second issue, the sole authority to grant a prisoner credit for time served before his sentence began is vested in the United States Attorney General. See United States v. Wilson, 112 S.Ct. 1351, 1353-54 (1992). Contrary to Stanley's claim, therefore, the district court lacked authority to grant Stanley credit for time served prior to sentencing.
 
 
 12
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation