38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gerald DUVAL, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1331.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: MARTIN, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Gerald Duval, Jr., was convicted of conspiracy to possess with intent to distribute cocaine (count one) and possession with intent to distribute cocaine (count two), and found subject to criminal forfeiture under 21 U.S.C. Sec. 853. He was sentenced to serve 84 months of imprisonment on count one and sixty months of imprisonment on count two. His convictions were affirmed on appeal. United States v. Duval, No. 89-1891 (6th Cir. Apr. 26, 1990) (per curiam).
 
 
 3
 In his motion to vacate sentence, Duval challenged only his conviction for conspiracy. He maintained that the evidence was insufficient to support a conviction for conspiracy and that his counsel was ineffective for failing to object to the sufficiency of evidence at trial as a basis for dismissal.
 
 
 4
 Upon review, we conclude that the motion was properly denied. Duval has not demonstrated a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it results in a denial of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Moreover, Duval has waived his challenge to the sufficiency of the evidence because he failed to raise the issue on direct appeal and has not shown cause for and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Duval's assertion of "actual innocence," cf. Murray v. Carrier, 477 U.S. 478, 487-88 (1986), is meritless.
 
 
 5
 Duval has not shown cause to excuse his failure to object to the sufficiency of the evidence at trial or on direct appeal because he has not demonstrated that counsel's assistance was ineffective. To establish ineffective assistance of counsel, Duval must show a deficiency in counsel's performance that so prejudiced the defense as to render the result of trial unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Duval was not prejudiced by counsel's alleged failure to challenge the sufficiency of the evidence because such a challenge is wholly lacking in merit.
 
 
 6
 In reviewing a claim of insufficient evidence, the evidence is examined in a light favorable to the prosecution to determine whether any reasonable trier of fact could have found the essential elements of the offense were established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Lee, 991 F.2d 343, 347 (6th Cir.1993). Duval was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. The essential elements are: (1) that an agreement to violate the drug laws existed; and (2) that each conspirator knew of, intended to join, and participated in the conspiracy. United States v. Phibbs, 999 F.2d 1053, 1063 (6th Cir.1993), cert. denied, 114 S.Ct. 1070 and 114 S.Ct. 1071 (1994). No formal or express agreement is necessary to establish a conspiracy; a tacit or mutual understanding is sufficient. Id. Proof of the elements may be established by direct or circumstantial evidence. United States v. Meyers, 646 F.2d 1142, 1143-44 (6th Cir.1981).
 
 
 7
 A review of the record establishes that the evidence was sufficient for a rational trier of fact to have found the essential elements beyond a reasonable doubt. Duval characterizes himself simply as a businessman who met with potential sellers to arrange favorable terms for the purchase of a product, in this case, cocaine. He does not dispute that such meetings took place and that over a course of years he bought large volumes of cocaine from alleged coconspirators. Rather, Duval argues that he was merely one of several customers served by his suppliers and that his suppliers had no idea of what he did with the cocaine he purchased from them. Duval asserts that this lack of knowledge supports his claim that there was no common plan or agreement to support a finding of a conspiracy. Contrary to Duval's argument, his agreement to purchase cocaine from his supplier was more than a simple buyer-seller relationship. While each party may have been ignorant of the reasons for the others' participation, it is clear that there was an agreement to establish a business relationship involving a controlled substance, cocaine.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.