42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bayron Dejesus MORENO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1692.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 1
 Before: MILBURN, SUHRHEINRICH and LAY,* Circuit Judges.
 
 ORDER
 
 2
 Bayron DeJesus Moreno, proceeding pro se, appeals a district court judgment denying his motion to reduce his sentence construed to be filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(b), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August 1990, a jury convicted Moreno of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846 and three counts of using a communication facility to facilitate the distribution of a controlled substance, in violation of 21 U.S.C. Sec. 843(b). He was sentenced to 25 years of imprisonment, a ten year term of supervised release, and given a $200 special assessment for an unspecified offense. The record does not reflect whether Moreno filed a direct appeal.
 
 
 4
 In December 1993, Moreno filed a motion seeking to reduce the terms of his sentence, pursuant to 18 U.S.C. Sec. 3382(c)(2), arguing that his sentence was illegal because the district court lacked jurisdiction to hear his case. Specifically, he argued that the district court is not an Article III court, and thus his conviction and sentence are improper. The district court concluded that the proper method to attack the court's jurisdiction in a post-sentencing motion would be for Moreno to file a motion under 28 U.S.C. Sec. 2255. The court then ordered the motion to be filed pursuant to 28 U.S.C. Sec. 2255, and denied the motion as without merit. Thereafter, Moreno filed a document requesting additional findings of fact and conclusions of law, which the district court ordered to be filed pursuant to 28 U.S.C. Sec. 2255 and dismissed it as successive pursuant to the Rules Governing Sec. 2255 Proceedings.
 
 
 5
 In his third and current motion, entitled defendant's Sworn Motion to Dismiss "Statutory Criminal Case," Moreno again attacks the district court's jurisdiction. The district court ordered the motion to be filed pursuant to 28 U.S.C. Sec. 2255, and dismissed the motion as successive pursuant to Rule 9(b), Rules Governing Sec. 2255 Proceedings.
 
 
 6
 In his timely appeal, Moreno essentially argues that the district court did not accept the sworn statements in his motion as true. Moreno has filed a motion requesting the court to release him on his own recognizance.
 
 
 7
 Upon review, we affirm the district court's judgment because Moreno has not shown a defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Moreno's current motion to vacate was properly denied as an abuse of the writ. See Rule 9(b), Rules Governing Section 2255 Proceedings.
 
 
 8
 Accordingly, we hereby deny Moreno's motion for bond and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation