47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald L. TSCHUOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3633.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1995.
 
 1
 Before: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 
 ORDER
 
 2
 Gerald L. Tschuor, a pro se federal prisoner, appeals a district court judgment dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tschuor was charged in three counts of a four count indictment. Count one charged Tschuor with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 846 and 841(b)(1)(B). Count three charged him with possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1) and (2). Count four charged him with the use of a firearm in the commission of a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). Tschuor pleaded guilty to counts three and four, and the government agreed not to prosecute on count one. The court sentenced Tschuor to 120 months of imprisonment, four years of supervised release, and imposed a $100 special assessment. Tschuor did not file a direct appeal.
 
 
 4
 In his motion to vacate sentence, Tschuor essentially raises two grounds for relief: 1) his plea was involuntarily given; and 2) counsel rendered ineffective assistance. The district court denied the motion as without merit. Tschuor has filed a timely appeal, arguing that the district court misconstrued his grounds for relief, and thus did not address all of the issues raised.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion as Tschuor has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Initially, we conclude that the district court did properly address the grounds raised in Tschuor's motion to vacate. We also conclude that Tschuor has waived his right to raise his first claim because he did not raise it in a direct appeal, and he has not shown cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Tschuor has not asserted cause for his failure to raise the claim, and none is apparent from the record. For the following reasons, it is also clear that Tschuor can show no prejudice as his claim is without merit.
 
 
 7
 A review of the record reflects that Tschuor's guilty plea was entered voluntarily, knowingly and intelligently, see Brady v. United States, 397 U.S. 742, 749 (1970), and that he was informed of all the direct consequences of his plea. See id. at 755. Here, the district court informed Tschuor of his trial rights, the charges and the possible penalties. There was also a sufficient basis for the district court to accept Tschuor's plea of guilty to the charge that he used a firearm during the commission of a drug trafficking offense because Tschuor testified that he owned at least one of the weapons found at the apartment, and the government supplemented this statement indicating that it intended to proceed on a fortress theory. See United States v. Clemis, 11 F.3d 597, 602 (6th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 1858 (1994).
 
 
 8
 We also conclude that counsel rendered effective assistance when he advised Tschuor to plead guilty as he indicated that he understood that the government intended to proceed on a fortress theory. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation