52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul Douglas HESSLING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-4083.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 Before: MARTIN, RYAN, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Paul D. Hessling pleaded guilty to four counts of a nineteen count indictment containing numerous drug offenses. Subsequently, a jury found Hessling guilty of nine of the remaining counts, including conducting a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848. He was sentenced to 28 years of imprisonment. This court affirmed Hessling's conviction on appeal. United States v. Hessling, 845 F.2d 617 (6th Cir.1988).
 
 
 3
 In July of 1988, Hessling filed a Fed.R.Crim.P. 35 motion in which he alleged that the district court's sentence exceeded what was really intended, a codefendant received a lesser sentence, and the sentence should be reduced because of his efforts at rehabilitation. The district court denied the motion on August 12, 1988.
 
 
 4
 In his present Sec. 2255 motion, Hessling claimed that: 1) he was denied due process of law because false information was included in his presentence investigation report (PSI); 2) the district court violated Fed.R.Crim.P. 32 by failing to address contested sentencing facts; and 3) defense counsel rendered ineffective assistance at the sentencing hearing. The district court denied the motion to vacate sentence, and Hessling appeals from that judgment.
 
 
 5
 In his timely appeal, Hessling reasserts his first two claims that he set forth in the district court. Upon review, we affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 6
 Initially, we note that in his appellate brief Hessling expressly denies having alleged that his counsel was ineffective for failing to object to the allegedly false information. Instead, Hessling maintains that the gravamen of his motion was that the Parole Commission wrongly denied him parole. Thus, Hessling has abandoned his claim that counsel rendered ineffective assistance. Claims which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 The district court properly denied Hessling's motion because he has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 and 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). However, because the claims in this case could have been but were not raised on direct appeal, the court does not review such claims unless Hessling shows cause and prejudice for his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Upon review, we conclude that Hessling has not shown cause for his failure to raise his claims on direct appeal and no prejudice is shown or apparent because his claims are meritless.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation