68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark FOSTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3174.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1995.
 
 1
 Before: JONES, DAUGHTREY and PHILLIPS,* Circuit Judges.
 
 ORDER
 
 2
 Mark Foster, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Foster pleaded guilty on May 30, 1989, to one count of possessing with intent to distribute more than 50 grams of cocaine base, and one count of possessing a firearm during drug trafficking. Following the subsequent denial of a motion to withdraw his guilty plea, Foster was sentenced on October 2, 1989, to a total of 211 months in prison and five years of supervised release. The judgment was affirmed by a panel of this court in an unpublished opinion. United States v. Bell, Nos. 89-3858/3942, 1991 WL 21984 (6th Cir. Feb. 20, 1991) (per curiam), cert. denied, 501 U.S. 1257 (1991).
 
 
 4
 In his motion to vacate, Foster raised four grounds for relief, which may be consolidated into three: (1)-(2) his guilty plea was involuntary, (3) trial counsel rendered ineffective assistance, and (4) he was improperly sentenced under 18 U.S.C. Sec. 924(c) because his offense did not constitute a crime of violence under the U.S. Sentencing Guidelines. After the government, in its response, pointed out that he was presenting issues already decided adversely to him on direct appeal, Foster submitted a supplement to his motion, attempting to raise three new issues: (1) he received ineffective assistance of counsel, (2) his offense level was improperly enhanced for a leadership role, and (3) the district court lacked a factual basis upon which to accept his guilty plea. In its memorandum opinion, filed on December 20, 1994, the district court did not address these new issues, but denied the motion to vacate on the grounds that Foster's involuntary guilty plea and related ineffective assistance claim had already been decided against him on direct appeal, the career offender provisions of the Sentencing Guidelines had not been applied to Foster, and Foster had failed to show cause and prejudice for not raising on appeal his claim that he was not advised of the consequences of pleading guilty. A separate order was filed on December 20 and entered on December 28, 1994.
 
 
 5
 On appeal, Foster argues that: (1) the district court did not have a factual basis on which to accept his plea, (2) his offense level was improperly enhanced for a leadership role, and (3) counsel failed to disclose to him the presentence investigation report.
 
 
 6
 Upon review, we affirm the district court's order because Foster has abandoned the only issues properly before the district court. In addition, he has not shown cause and prejudice for his failure to raise his "substitute" issues at sentencing or on direct appeal. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Foster does not raise on appeal the issues originally raised in his motion to vacate and ruled upon by the district court. Therefore, they are considered abandoned on appeal and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, they are meritless for the reasons stated by the district court.
 
 
 8
 Instead, Foster presents on appeal three issues not addressed by the district court because they were first raised in a "supplement" filed in reply to the government's response. This attempt to amend his motion was made without requesting or receiving the district court's leave to amend, which was required because the respondent had filed a responsive pleading. See Rule 12, Rules Governing Section 2255 Proceedings; Fed.R.Civ.P. 15(a). For this reason, these issues were not properly before the district court and, accordingly, are not properly before this court for review. See United States v. Markwood, 48 F.3d 969, 974 (6th Cir.1995) ("The issues we may review on appeal are limited to those first presented to and considered by the district court, unless review of an issue is necessary in order to prevent manifest injustice, promote procedural efficiency, or correct clear errors or omissions.") This case does not meet the Markwood standard.
 
 
 9
 Accordingly, the district court's order, entered on December 28, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation