82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leslie ROGERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5597.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a decision to deny a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Robert Leslie Rogers was convicted after a guilty plea of aiding and abetting the manufacture of over 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and was given a 60 month sentence of imprisonment and a four year term of supervised release. Rogers did not take a direct appeal from this conviction.
 
 
 4
 In 1995, Rogers filed a motion to vacate sentence in which he challenged the constitutionality of the conviction and sentence. The district court summarily denied the relief sought and this appeal followed. The parties have briefed the issues; Rogers is proceeding without benefit of counsel.
 
 
 5
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in summarily denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 In 1991, Rogers was named in a three-person indictment in connection with a marijuana growing and distribution scheme. He was appointed counsel, Mr. James Gregory of Elizabethtown, Kentucky. Mr. Gregory was apparently in a professional affiliation with Mr. Larry Holbert, counsel for one of Rogers's co-defendants. The docket reflects that Mr. Gregory proceeded to participate in pre-trial discovery and does not affirmatively show that he acted other than in Rogers's interests. The three defendants entered into an oral plea agreement and tendered guilty pleas. It was not until sentencing that Rogers expressed on the record his alleged recently-acquired knowledge of Mr. Gregory's affiliation with Mr. Holbert. At that point, the trial judge immediately appointed new counsel for Rogers and granted him a continuance. Rogers later reaffirmed that he would like to adhere to the original terms of the plea agreement, namely, that he was to receive the statutory minimum (60 months) in exchange for this plea to the indictment. The court accepted the plea and Rogers did not take an appeal.
 
 
 7
 Rogers filed a motion to vacate in which he set forth four grounds for relief. Rogers contends that he received ineffective assistance of trial counsel (Gregory), that he was never informed of his right to take a direct appeal, that he was never informed of the effect of the term of supervised release on his sentence and that the imposition of the term of supervised release constituted double jeopardy. The district court sua sponte dismissed the motion without benefit of an extensive opinion. On appeal, Rogers reiterates his four grounds for relief.
 
 
 8
 One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A conflict of interest can render counsel ineffective. The mere possibility of conflict, however, is insufficient to impugn a conviction. One asserting a denial of Sixth Amendment rights in this context must establish that an actual conflict of interest adversely affected the lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980). It is significant that permitting one attorney to represent co-defendants is not a per se violation of the Sixth Amendment guarantee of effective assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 483 (1978).
 
 
 9
 In the case at bar, Rogers did not articulate any specific prejudice stemming from the initial representation he received at the hands of attorney Gregory. His entire claim consists of pure speculation, namely, Rogers contends that his counsel's professional affiliation with Larry Holbert simpliciter deprived him of a hypothetical chance to cooperate with the government in order to try to earn a USSG § 5K1.1 reduction for substantial assistance to the authorities. There is absolutely nothing in the record before the court that even hints that a § 5K1.1 reduction was solicited or available had Rogers pursued it. Rogers does not maintain that he was, in any sense, innocent of the charge to which he pleaded or that he would have insisted on going to trial absent the ineffective representation. Rogers was, in fact, supplied with another attorney before he was sentenced and reaffirmed his intention to accept the terms of the original plea agreement. This claim lacks merit.
 
 
 10
 Roger's second ground for relief is that the district court never advised him of his right to appeal the sentence. The record is clear that, although the admonition was apparently not given at the exact moment of sentencing, the district court did advise Rogers (and his co-defendants) at an earlier time of their right to appeal the sentence they would receive.
 
 
 11
 Rogers contends that he was never informed that the period of supervised release would effectively increase the length of his sentence. The record affirmatively demonstrates that Rogers was told of the existence and consequences of the impending supervised release provisions at least two times. Finally, Rogers maintains that the imposition of a term of supervised release in addition to his term of incarceration is violative of Double Jeopardy proscriptions. Rogers has not, however, been tried or punished twice for the same offense. He, instead, received a single sentence under a statute expressly dividing that sentence between incarceration and supervised release. This does not meet any accepted definition of Double Jeopardy. The appeal is meritless.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation