89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry WALLACE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5471.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges; MATIA, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Larry Wallace was convicted after a jury trial of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2, and received a 137 month sentence. A panel of this court affirmed the conviction and sentence in all respects on direct appeal. United States v. Wallace, Nos. 91-5946/47/48, 1992 WL 310268 (6th Cir. Oct. 26, 1992) (per curiam), cert. denied, 507 U.S. 938 (1993).
 
 
 4
 In 1994, Wallace filed a § 2255 motion to vacate sentence. The district court sua sponte denied the motion as well as a subsequent motion to reconsider. This appeal followed. The parties have briefed the issues; Wallace is proceeding without benefit of counsel.
 
 
 5
 In 1990, two masked men robbed the Savetrust Bank of Newburn, Tennessee, at gunpoint. Law enforcement officers questioned the occupants of a van about the robbery fewer than thirty minutes after it took place. Wallace was one of the men in the van. One of the van's occupants (Bryant) was seen hiding money behind a soft drink machine during the initial questioning. This money turned out to be "bait money" from the Savetrust Bank. All three men were eventually convicted for a part in the robbery. Wallace was convicted of aiding and abetting an armed bank robbery but acquitted of carrying a firearm during a crime of violence. Bryant executed a statement shortly after the conviction of the three defendants in which he claimed sole responsibility for the bank robbery.
 
 
 6
 On appeal, Wallace challenged a number of the trial court's decisions: the denial of a motion to suppress evidence, the denial of a motion for judgment of acquittal, the calculation of Wallace's guideline sentence, and the denial of a motion for a new trial based on newly discovered evidence, namely, Bryant's post-trial statement. The panel rejected all claims on the merits.
 
 
 7
 Wallace's motion to vacate is a massive, rambling summation of the entire transcript with occasional commentary where Wallace points out flaws in the prosecution's case against him. The district court distilled three central grounds for relief from this motion: ineffective assistance of trial counsel and two trial rulings said to have denied Wallace due process. The court concluded that it was apparent from the face of the pleadings and record that Wallace was not entitled to relief and accordingly denied the motion. The court subsequently denied a motion to reconsider in which Wallace reiterated his core grounds for relief, complained of having his motion summarily denied and hinted that the decision was the product of judicial bias. The court construed the motion as one seeking relief pursuant to Fed.R.Civ.P. 60 and rejected the contentions therein.
 
 
 8
 On appeal, Wallace filed a pro se brief in which he raises all claims mentioned above as well as asserting that the decision to deny the motion without a hearing was error. This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). As the record conclusively shows that Wallace was not entitled to relief, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's decision not to conduct an evidentiary hearing was not error.
 
 
 9
 The chief thrust of Wallace's motion is ineffective assistance of trial counsel. These claims are conclusory and universally unsupported by any specific allegations of prejudice and wholly without merit. Wallace's due process claims are equally unavailing. These claims were properly rejected for the reasons stated by the district court.
 
 
 10
 Finally, Wallace raises the specter of judicial bias in the district court's disposition of his case, claiming that the court must have harbored some animus toward him to deny summarily his motion to vacate. This allegation, available to virtually every unsuccessful litigant, is insufficient in law to call the district court's judicial temperament into question. This appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation