**UNITED STATES of America, Plaintiff,**

**v.**

**Ennis FLOWERS, Defendant.**

**No. 88–CR–80651–5.**

United States District Court,
E.D. Michigan,
Southern Division.

July 30, 1996.

Ennis Flowers, Milan, Michigan, in pro per.

Wayne F. Pratt, Asst. U.S. Atty., Detroit, Michigan, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE PLEA AGREEMENT

ROSEN, District Judge.

On January 28, 1991, this Court sentenced Defendant Ennis Flowers ("Defendant") to 210 months of incarceration for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a Rule 11 plea agreement, Defendant's sentence was ordered to run concurrently with his 125–month sentence for a drug possession offense committed during the time frame of the drug conspiracy. *See United States v. Flowers,* No. 88–CR–80339–1 (E.D.Mich., Gadola, J.), *aff'd* 909 F.2d 145 (6th Cir.1990). Although Defendant appealed his conviction in the instant case, his appeal apparently was rejected as untimely.

Presently before the Court is Defendant's motion pursuant to 28 U.S.C. § 2255, seeking enforcement of his Rule 11 plea agreement. Specifically, Defendant contends that the Bureau of Prisons ("BOP") effectively breached the plea agreement by refusing to deem his concurrent 210–month sentence in the instant matter as commencing on the date he began serving his earlier 125–month federal sentence. By instead determining that Defendant's 210–month sentence commenced on the date it was imposed by this Court, the BOP in essence rendered that sentence only "prospectively" concurrent with Defendant's earlier 125–month sentence.[1] According to Defendant, the plea agreement required that the 210–month sentence be "retroactively" concurrent with the earlier sentence.

In its response, the Government concedes that Defendant has correctly construed the terms of his Rule 11 plea agreement. In

---

1. Including various custody credits granted by the BOP in computing the term of Defendant's 125–month sentence, it appears that Defendant had served 17 months and 11 days of that sentence prior to this Court's imposition of the 210– month concurrent sentence. Thus, if the determination of the BOP is permitted to stand, Defendant will serve an effective sentence of 227 months and 11 days.

particular, the Government cites the following language from that agreement:

> In imposing sentence, the Court shall ensure that the defendant receives credit for the time he has already served, which is approximately 15 months.

In light of this language, the Government agrees that the parties to the plea agreement contemplated that Defendant's two federal sentences would be fully concurrent, both prospectively and retroactively. Thus, the Government concludes that the Court should ensure compliance with the plea agreement by reducing Defendant's 210–month sentence to account for the time Defendant had already served on his 125–month sentence prior to this Court's January 28, 1991, sentencing.

Given the parties' consensus on the proper interpretation of the plea agreement, and given the plain language of the agreement itself, this Court's sole remaining concern [2] is whether there is a legal basis for granting the relief Defendant seeks. By construing the sentence calculation statute as precluding the retroactive sentence credit sought by Defendant, the BOP apparently followed its standard practice, as well as a plausible interpretation of that statute. *See* 18 U.S.C. § 3585(b) (providing that sentence credit shall be given only for time spent in official detention "that has not been credited against another sentence"). The Supreme Court has expressly held that the Attorney General, acting through the BOP, is charged with the initial responsibility of determining sentence credit under 18 U.S.C. § 3585(b). *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Although *Wilson* does not exempt such determinations from judicial review, that case might be viewed as implying that the BOP is entitled to some deference in carrying out its statutory duty. In the instant matter, it cannot be said that the BOP has acted arbitrarily or in clear contravention of its statutory authority.

■ Nevertheless, the Court finds that its authority to grant the relief sought by Defendant flows from the plea agreement itself. In this case, the Court is not confronted with a claim that the BOP improperly exercised its discretion to compute sentence credit. The Court doubts whether an allegedly flawed sentence credit determination by the BOP would represent the sort of "grievous wrong" or "complete miscarriage of justice" that warrants habeas relief under 28 U.S.C. § 2255. *See Brecht v. Abrahamson,* 507 U.S. 619, 632–35, 113 S.Ct. 1710, 1719–20, 123 L.Ed.2d 353 (1993); *United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.), *cert. denied,* 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993). In contrast, Defendant here claims— and the Government agrees—that the plea agreement left the BOP with *no* discretion in determining the effective commencement date of Defendant's 210–month federal sentence. In essence, Defendant contends that the express terms of his plea agreement override the more general rules the BOP would typically apply in determining sentence credit.

■ The Court agrees, in light of the explicit and uncontested terms of Defendant's plea agreement. It is clear that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *see also United States v.*

---

2. Of course, the Court cannot consider Defendant's collateral attack of his sentence under § 2255 absent a showing by Defendant "of cause to excuse his failure to appeal the issue and actual prejudice." *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993). This "cause and prejudice" standard, adopted by the Supreme Court in *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), applies to cases where, as here, "a defendant who pleads guilty ... first asserts a claim for relief in a collateral proceeding." *Ratliff,* 999 F.2d at 1025.

In this case, the "cause" prong of the *Frady* standard is satisfied by virtue of the fact that the BOP apparently made its sentence calculation only after Defendant's time for appeal had lapsed. Next, Defendant clearly has suffered actual prejudice from what the Government concedes is a failure to carry out a promise made in the plea agreement. *See Carnine v. United States,* 974 F.2d 924, 928 (7th Cir.1992). Thus, Defendant's challenge is properly before this Court.

*Robison,* 924 F.2d 612, 613 (6th Cir.1991) (noting that plea agreements are to be interpreted and enforced in accordance with "traditional principles of contract law"). In this case, the Government concedes that the BOP's "prospective-only" calculation of Defendant's sentence has defeated the intentions of both Defendant and the Government when they entered into the plea agreement. As an agency of the same Government that entered into the plea agreement, the BOP is not free to override its binding terms. *Cf. Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (holding that the Government was bound by a promise made by a prosecuting attorney); *Margalli–Olvera v. INS,* 43 F.3d 345, 353 (8th Cir.1994) ("[P]romises made by an Assistant United States Attorney bind all agents of the United States government.").

■ Although the Sixth Circuit has not spoken on this precise issue, the Seventh Circuit has held that a federal court has the authority, and indeed the duty, to ensure that a plea agreement's promise of concurrent sentences is carried out as the parties intended. In *Carnine v. United States,* 974 F.2d 924, 926–27 (7th Cir.1992), a defendant claimed that his plea agreement in a second federal prosecution called for the same sort of retroactively concurrent sentence Defendant seeks in this case. However, as in the instant matter, the BOP determined that the second sentence commenced on the date it was imposed, rather than the date the defendant had begun serving his first federal sentence. 974 F.2d at 927.

■ The Seventh Circuit held that, should the defendant be able to demonstrate that the plea agreement contemplated retroactively concurrent sentences, he would be entitled to receive the benefit of this bargain. 974

F.2d at 928–32.[3] The court noted that the sentence calculation statute did not affect the outcome of this inquiry, regardless of its interpretation; rather, "[a]t issue here is what the prosecutor promised [the defendant] and what rights he reasonably believed he had contracted to receive." 974 F.2d at 930 n. 5. Finally, the court found that enforcement of the plea agreement would not be precluded by the partially retroactive nature of the second sentence. Although noting lack of unanimity among courts on this point, the Seventh Circuit concluded that "[a] sentence can begin to run before it is imposed." 974 F.2d at 929 n. 4; *see also* U.S.S.G. § 5G1.3, Commentary, appl. note 2 (discussing the use of an "adjusted concurrent sentence" in order to achieve complete concurrency).

This Court finds that *Carnine* addresses the questions presented in the instant matter in a well-reasoned fashion, and accordingly adopts the Seventh Circuit's approach. The parties here agree that, under the terms of the plea agreement, Defendant's 210–month sentence was to commence on the date his earlier 125–month sentence began to run. Because the BOP, in keeping with its standard practice, declined to follow this agreement, Defendant's 210–month sentence must be adjusted accordingly.[4] In particular, in order to enforce the agreement that Defendant would be given credit for the time already served on his 125–month sentence, the Court finds that Defendant's existing 210–month sentence must be reduced to 192 months, 19 days.

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Enforcement of Plea Agreement be GRANTED.

---

3. Because the court found that the existing evidentiary record did not resolve the parties' conflicting interpretations of the plea agreement, the matter was remanded to the district court for an evidentiary hearing "to determine the start date of the [second] sentence." 974 F.2d at 933. In contrast, there is no such difficulty in this case; the parties agree that the plea agreement contemplated that Defendant's second sentence would run fully concurrently with his first sentence, and the express language of the plea agreement fully supports this interpretation.

4. This BOP practice undoubtedly reflects a plausible construction of the sentence calculation statute. Nevertheless, this Court is concerned that blind adherence to this practice might foster needless judicial proceedings to correct sentences, even in cases where there is a clear agreement among the Government, a criminal defendant, and the sentencing court that a second sentence should run fully concurrently with an earlier sentence.

The Court will issue an amended Judgment and Commitment Order reflecting an amended sentence of 192 months, 19 days.