**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

FRANKLIN WAYNE SCOTT,

      Defendant - Appellant.

No. 00-6426
(D.C. No. CR-97-63-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Appellant Franklin Scott, appearing pro se, appeals from the district court's order denying his motion to withdraw his plea of guilty. The district court determined it lacked jurisdiction to consider Mr. Scott's motion, ostensibly brought pursuant to Fed. R. Crim. P. 32(e). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm for substantially the same reasons given by the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

district court.

On June 2, 1997, Mr. Scott pled guilty to possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and money laundering. 18 U.S.C. § 1956(a)(1)(A)(i). Mr. Scott did not appeal his conviction. Approximately three years later, Mr. Scott filed a motion to withdraw his plea under Fed. R. Crim. P. 32(e). The district court lacked jurisdiction to consider Mr. Scott's motion because it was filed post-sentence. Mr. Scott could have brought his motion only under 28 U.S.C. § 2255. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993); United States v. Davis, 954 F.2d 182, 184 (4th Cir. 1992). Though such an action would appear to be barred under the one-year limitation period contained in § 2255, we express no opinion on that.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge