50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rolland PATTERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1968.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Rolland Patterson appeals from a judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Rolland Patterson pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. Sec. 841(a)(1), and to one count of use and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced Patterson to consecutive sixty month terms of imprisonment. Patterson's direct appeal from this conviction, docketed as Case No. 92-1876, was the subject of a voluntary dismissal on March 5, 1993.
 
 
 4
 In 1994, Patterson filed a motion to vacate sentence in which he challenged the constitutionality of his conviction and sentence on count two. The district court ordered that the motion be summarily denied and this appeal followed. The parties have briefed the issues; Patterson is proceeding in his own behalf.
 
 
 5
 On appeal, Patterson reargues the merits of his motion as well as contending that the district court erred in denying his motion without first conducting an evidentiary hearing. An examination of the record and law reflects that the district court did not err in summarily denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 The relevant facts, taken from the presentence report and plea transcript, reflect the following: A law enforcement agent contacted Patterson in February 1992 and negotiated the purchase of one pound of heroin. Patterson met with the agent the next day in Patterson's van and produced a quantity of heroin. He also indicated that he was armed in the event of police intervention. Patterson was thereafter arrested and a loaded, operational revolver was discovered in the van in proximity to the heroin. Patterson later admitted to the possession of the heroin for resale and to having the revolver with him.
 
 
 7
 Patterson contends that his trial counsel did not challenge the district court's two failures to adhere to the Federal Rules of Criminal Procedure in accepting his plea to the firearm charge. Patterson specifically claims that his trial counsel improperly stood silent while the district court failed 1) to establish an adequate factual basis for the plea (Fed.R.Crim.P. 11(f)) and 2) to determine if Patterson had read the presentence report and discussed it with counsel (Fed.R.Crim.P. 32(a)(1)(A)).
 
 
 8
 Neither of Patterson's claims would be cognizable on collateral review if brought outside the context of ineffective assistance of counsel. Both of these claims are founded in the Federal Rules of Criminal Procedure. As such, they are beyond the scope of 28 U.S.C. Sec. 2255. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Criminal Rule 11 does not warrant relief under Sec. 2255); Hill v. United States, 368 U.S. 424, 426-29 (1962) (mere non-compliance with isolated provision of Criminal Rule 32 not sufficient, without other error of constitutional magnitude, to invoke Sec. 2255 relief). In addition, a Sec. 2255 motion to vacate will not serve as a substitute for a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Patterson has never undertaken to explain the reason for his failure to raise claims one and two in a direct appeal when he could have done so and is thus now precluded from pursuing these claims in a collateral attack.
 
 
 9
 The only question thus remaining is whether these alleged errors clearly cannot constitute ineffective assistance of counsel. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). The district court was under no obligation to conduct an evidentiary hearing in this regard if the pleadings and record conclusively demonstrate that Patterson was not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 10
 It is clear that Patterson's motion falls far short of the Strickland/Hill test. Patterson has not set out any authority wherein isolated, technical violations of plea procedures, standing alone, amounted to ineffective assistance of counsel. Indeed, the record of the plea transcript does establish the existence of a factual basis for Rule 11(f) purposes and it affirmatively appears that Patterson and his counsel were given an opportunity to examine the presentence report and comment on its contents. The motion and appeal are wholly baseless.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation