51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles W. GARLAND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5993.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Charles W. Garland appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury found Garland guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Garland to 70 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Garland, Case No. 91-6307 (6th Cir. April 6, 1993), cert. denied, 114 S.Ct. 214 (1993).
 
 
 4
 Garland subsequently filed a motion to vacate sentence, alleging that he received ineffective assistance of counsel because his counsel did not file a motion to suppress evidence, did not properly impeach a government witness during cross-examination, and did not include copies of cancelled checks with his direct appeal. The district court determined that his claims were without merit and denied the motion. Garland has filed a timely appeal and requests permission to proceed in forma pauperis on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Garland's motion to vacate sentence. Garland has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Garland has not shown that he received ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984), because he was not the victim of an illegal search, his trial counsel properly pursued inconsistencies in a witness's testimony, and Garland has not shown how he was prejudiced by any failure to include copies of certain cancelled checks on direct appeal.
 
 
 6
 Accordingly, we grant Garland in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation