76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard MAYES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1709.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: NORRIS and MOORE, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Richard Mayes pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. The district court originally sentenced Mayes to 192 months in prison. Mayes moved to vacate his sentence on the grounds that the district court did not follow several provisions of Fed.R.Crim.P. 32 at sentencing. The district court granted the motion and in 1993 resentenced Mayes to 151 months in prison and five years of supervised release in light of the government's U.S.S.G. § 5K1.1 motion to depart downward. Mayes did not appeal his conviction or sentence. In his immediate motion to vacate sentence, Mayes claimed that: 1) he should have been sentenced under the 1987 version of the Sentencing Guidelines instead of the 1989 version; 2) the district court improperly calculated his criminal history category; and 3) the district court attributed an incorrect quantity of drugs to him for the purpose of sentencing. The district court denied the defendant's motion to vacate sentence. Mayes appeals that judgment.
 
 
 4
 In his timely appeal, Mayes reasserts the claims he set forth in the district court.
 
 
 5
 In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Grant v. United States, 72 F.3d 503 (6th Cir.1996); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Grant, 72 F.3d 503.
 
 
 6
 Mayes is barred from seeking relief on his claims. The claims could have been but were not raised on direct appeal. Because the asserted errors implicate neither constitutional rights nor the integrity of the trial process, these procedurally defaulted claims may not be asserted on collateral review. Id.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation