85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Frank RICHARD, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3877.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1996.
 
 1
 Before: MARTIN and SILER, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Billy Frank Richard, Sr., a pro se federal prisoner, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Richard was found guilty on October 16, 1992, following a jury trial, of conspiracy to distribute and to possess with intent to distribute cocaine. On January 13, 1993, the district court sentenced Richard to 160 months in prison and five years of supervised release. A panel of this court affirmed Richard's conviction and sentence in an unpublished opinion. See United States v. Blackwell, Nos. 93-3068/3069, 1994 WL 6809 (6th Cir. Jan. 10, 1994) (per curiam).
 
 
 4
 In his motion to vacate, Richard presented four grounds for relief: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) unconstitutional jury selection, and (4) excessive sentence. The government responded with a lengthy motion to dismiss. A magistrate judge recommended that Richard's motion be denied in a report filed on January 27, 1995. After a detailed review of Richard's allegations, the magistrate judge concluded that Richard had entirely failed to demonstrate any deficiency in counsel's performance, that his claims of prosecutorial misconduct were without merit, that he had shown neither cause nor prejudice to excuse his failure to raise his jury selection issue on direct appeal, and that his sentencing issue had already been decided adversely to him on direct appeal. Richard filed seventeen specific objections to the magistrate judge's report, two of which elicited additional analysis by the district court. Nonetheless, the district court found Richard's objections to be meritless, adopted the magistrate judge's report and recommendation, and dismissed Richard's motion to vacate in an order filed on July 27, 1995.
 
 
 5
 On appeal, Richard continues to argue the merits of his grounds for relief. In addition, he contends that the district court erred in not conducting an evidentiary hearing. He has filed a motion for the appointment of counsel on appeal.
 
 
 6
 Upon review, we affirm the district court's order for the reasons stated by the magistrate judge and the district court. To warrant relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, ----, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Richard has not met this standard.
 
 
 7
 Moreover, the district court did not err in declining to conduct an evidentiary hearing on Richard's motion. An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the files and records of the case conclusively show that the movant is not entitled to relief. Todaro, 982 F.2d at 1028; Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 8
 Accordingly, Richard's motion for the appointment of counsel is denied. The district court's order, entered on July 27, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation