92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Ralph DYER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6308.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1996.
 
 Before: GUY, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Johnny Dyer pleaded guilty to one count of aiding and abetting the illegal possession of a firearm by a convicted felon who has three prior convictions for violent felonies in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) and 2. Dyer received a sentence of 180 months imprisonment and the judgment was affirmed in all respects on direct appeal. United States v. Dyer, Nos. 93-6568/6623, 1994 WL 462146 (6th Cir. Aug. 25, 1994) (order).
 
 
 3
 In 1995, Dyer filed a motion to vacate sentence in which he challenged the constitutionality of the conviction on Sixth Amendment grounds. The matter was referred to a magistrate judge who conducted an evidentiary hearing and recommended that the motion should be denied. Dyer filed specific objections through counsel and the district court adopted the report and recommendation in its entirety. This appeal followed. The parties have briefed the issues; Dyer is proceeding without benefit of counsel.
 
 
 4
 Dyer's pro se appellate contentions go to the merits of his motion to vacate as well as the performance of his counsel at his § 2255 evidentiary hearing. An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 In 1993, Dyer was named in a five count indictment in connection with the possession of firearms by a prohibited person. The count to which Dyer pleaded carried with it the possibility of an enhanced sentence under the terms of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The court subsequently accepted Dyer's plea and concluded that the ACCA did apply. The court subsequently sentenced Dyer to a term of 180 months.
 
 
 6
 In 1995, Dyer filed a § 2255 motion in which he raised an ineffective assistance of counsel claim based on a number of factual assertions. Dyer also contended that the ACCA enhancement was improperly applied to him as he did not have the predicate three prior felonies of violence on his record, although he was not challenging the constitutionality of these convictions. The matter was referred to a magistrate judge who conducted an evidentiary hearing with the focus on the voluntariness of the plea (owing to possible misrepresentations as to the eventual sentencing exposure) and the quality of advice given to Dyer by his counsel as to whether to enter a plea or go to trial. The magistrate ultimately noted that the claims seem to merge together and that there was no substance to either aspect of the motion to vacate in any case.
 
 
 7
 Dyer's counsel filed two specific objections to this conclusion. The district court summarily adopted the magistrate's report and recommendations after stating that it had made a de novo review of the portion of the record to which specific objections had been filed.
 
 
 8
 Dyer's pro se appellate brief contains a number of claims. Chief among them is his assertion that he received ineffective assistance of trial counsel at his § 2255 evidentiary hearing. A claim that one was denied effective assistance of counsel will lie only in those instances when counsel was constitutionally required. Coleman v. Thompson, 501 U.S. 722, 752-54 (1991). Dyer, however, had no constitutional right to counsel in the proceedings in aid of his collateral attack. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).
 
 
 9
 Dyer also maintains that the government somehow manufactured the proof of the convictions used in the ACCA enhancement, that he was more credible than his former trial attorney, that he was not advised of the consequences of his plea and that the government breached the plea agreement by failing to move for a downward departure. This court, however, requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(c) in order to preserve the right to appeal a subsequent order of the district court approving the report. Thomas v. Arn, 474 U.S. 140, 155 (1985). Only those issues to which specific objections have been registered are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir.1987). Therefore, there are only two other appellate issues properly before this court, namely, the two claims found in the specific objections to the magistrate's conclusions. These claims are that the court erred in finding Dyer less credible than his former trial attorney and that Dyer should have been advised to go to trial instead of offering a plea.
 
 
 10
 Dyer maintains that there is no basis for the magistrate judge to have found his former trial attorney more credible than Dyer on the issue of what transpired between the two of them prior to the entry of the plea. While the legal sufficiency of a motion to vacate may be subject to de novo review, the rule is that "[f]indings of fact anchored in credibility assessments are generally not subject to reversal" on appellate review. United States v. Taylor, 956 F.2d 572, 576 (6th Cir.) (en banc), cert. denied, 506 U.S. 952 (1992). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). In the case at bar, there were undeniably two conflicting versions of the advice Dyer received about the possible prison term he would face if he pleaded guilty to the charge for which he was convicted.
 
 
 11
 Finally, Dyer asserts that his counsel was ineffective for not advising him to forego the plea agreement and demand a trial. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 12
 "The defendant's attacks on his trial counsel's performance are guided by the perfect vision of hindsight and amount to an exercise in second-guessing trial strategy." United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990). Trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994). There is ample support for the conclusion that Dyer's trial counsel quite properly considered, and then informed Dyer of, the possible consequences of a plea and of going to trial.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.