98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Odolph DANIELS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1180.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: MARTIN, Chief Judge; BROWN, Circuit Judge; McCALLA, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Odolph Daniels was convicted after a jury trial of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Daniels to a 188 month term of imprisonment. A panel of this court affirmed the conviction of Daniels and his two co-defendants, but remanded for a determination of the drug quantity attributable to Daniels in light of an intervening Sixth Circuit decision, United States v. Gessa, 971 F.2d 1257 (6th Cir.1992) (en banc). United States v. Daniels, Nos. 90-1986/1987/2018, 1991 WL 278797 (6th Cir. Dec. 26, 1991) (unpublished per curiam), cert. denied, 504 U.S. 945, and cert. denied, 505 U.S. 1220 (1992).
 
 
 4
 The district court reviewed the trial transcripts on remand and concluded that Daniel's sentence was not affected by Gessa. Daniels filed a motion for reconsideration that the court denied and his attempted appeal from this decision was ultimately dismissed for want of jurisdiction.
 
 
 5
 In 1994, Daniels filed the present § 2255 motion to vacate sentence. The matter was referred to a magistrate judge who recommended that the motion should be granted in part and denied in part. Both parties filed objections and the district court eventually decided that the motion should be denied in its entirety. This appeal followed; Daniels is proceeding without benefit of counsel.
 
 
 6
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 7
 Daniels was convicted for his role in a cocaine distribution scheme involving two other individuals. The panel hearing Daniels's direct appeal found that the joint trial of the three defendants was not marred by reversible error, but remanded for further proceedings in light of intervening case law.
 
 
 8
 Upon remand, the district court reimposed the original sentence. Daniels, as noted above, filed what proved to be an untimely motion for reconsideration that did not operate to stop the running of the applicable appeal period. Daniels's attempt to take a direct appeal from the district court's decision to deny the putative motion for reconsideration was ultimately dismissed for lack of jurisdiction under Fed.R.App.P. 4(b).
 
 
 9
 Daniels subsequently filed his § 2255 motion in which he challenged the constitutionality of the conviction as well as the guideline sentence. Daniels claims that: 1) his conviction is not supported by a sufficiency of the evidence, 2) the sentencing enhancement he received for obstruction of justice was not warranted, and 3) the district court erred in its drug quantity calculation (more than 15 kilograms but less than 50 kilograms of cocaine). The district court denied the motion on the specific ground of Daniels's failure to perfect a direct appeal from the sentencing decision on remand.
 
 
 10
 This court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed in a § 2255 proceeding. United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). This claim is therefore not before the court.
 
 
 11
 Daniels could have raised the remaining claims in a direct appeal from the sentencing decision on remand, but chose not to do so in a timely fashion. Daniels does not offer any explanation for this and, more importantly, does not articulate any prejudice resulting from this failure to perfect an appeal. It is clear that a § 2255 motion to vacate will not serve as a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 and n. 10 (1976). Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Daniels has not met the Frady test, and the district court properly concluded that he is now precluded from pursuing these claims in a collateral attack. This appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation