99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor Olukayode PETERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1273.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a judgment denying a motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Victor Olukayode Peters was indicted along with three others in connection with a large scale heroin importation and distribution scheme. Peters subsequently entered into a plea agreement and was found guilty of conspiring unlawfully to import heroin into the United States, in violation of 21 U.S.C. §§ 952, 960 and 963. Peters did not take an appeal from this judgment.
 
 
 4
 In 1995, Peters filed a § 2255 motion to vacate sentence (with amendments) in which he challenged the constitutionality of the conviction and sentence. The district court ultimately denied the relief sought and this appeal followed. The parties have briefed the issues; Peters is proceeding without benefit of counsel.
 
 
 5
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 6
 Peters was charged for his role in a heroin smuggling scheme in an indictment signed by the grand jury foreperson and an Assistant United States Attorney. Peters thereafter entered into an agreement whereby he would plead guilty to one count of conspiring to import heroin into the United States. The parties agreed on a number of sentencing related terms, including the maximum length of the sentence (120 months), and Peters expressly agreed to a waiver of his right to challenge the constitutionality or legality of the sentencing guidelines or the accuracy of any sentencing factor to which the parties stipulated in the guideline worksheets. The plea agreement is silent as to the propriety of the indictment. The district court, per United States District Judge Horace W. Gilmore, proceeded to accept the agreement and sentenced Peters to a 120 month term of imprisonment in October 1994.
 
 
 7
 Peters filed the present motion to vacate sentence in February 1995. He set forth three grounds for relief in this motion: 1) his sentence should be reduced under the "safety valve" provisions of 18 U.S.C. § 3553(f); 2) he was prosecuted under a fatally deficient indictment; and, 3) his attorney was ineffective for failing to object to the deficient indictment. The government responded and the district court denied the motion. Peters asserts the same three grounds for relief on appeal as set forth in his motion to vacate.
 
 
 8
 It is initially noted that Peters agreed to an all-encompassing waiver of his right to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines or to any stipulated portion thereof. Peters's first ground for relief, however, is clearly a challenge to the length of his guideline sentence. A facially valid agreement not to challenge a guideline sentence will be enforced against a defendant in the Sixth Circuit. United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995). In addition, the claim lacks any support in the record before the court. Peters makes a bald assertion that he is entitled to be sentenced under the "safety valve" provisions of 18 U.S.C. § 3553(f), yet fails to offer any evidence contradicting the finding of Judge Gilmore (the sentencing judge) that Peters did not provide the necessary cooperation required by § 3553(f)(5). This latter finding is not clearly erroneous.
 
 
 9
 Peters's second ground for relief is frivolous. Peters claims that the indictment is defective because it is not signed by a United States Attorney, but rather by an Assistant United States Attorney. Peters was required to raise this claim prior to going to trial by the operation of Fed.R.Crim.P. 12(b)(2) but he failed to do so. The entry of his plea thus acted as a waiver of any nonjurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973). It is also clear that an indictment is not made defective because it is signed by an Assistant United States Attorney rather than the appropriate United States Attorney. See, e.g., United States v. Walls, 577 F.2d 690, 696 (9th Cir.), cert. denied, 439 U.S. 893 (1978).
 
 
 10
 Peters's third ground for relief is that he was deprived of his Sixth Amendment right to effective assistance of counsel when his trial attorney failed to register an objection to the allegedly defective indictment. As the indictment was demonstratively not defective, this claim for relief is patently meritless.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation