**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Franklin MURDOCK, Defendant–
Appellant.**

No. 01–1895.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before KENNEDY, ALAN E. NORRIS, and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Franklin Murdock pled guilty to conspiracy to distribute cocaine and marijuana pursuant to a Rule 11 plea agreement. Murdock admitted guilt under oath at his plea hearing and was sentenced to 78 months of incarceration. After filing a direct appeal of his sentence, Murdock subsequently filed a motion in the district court to withdraw his guilty plea. Murdock alleges that, at the time of his plea, his lawyer informed him that the jury would not believe his innocence because he is Jamaican, and reassured him

that his conviction would have no impact on his immigration status. The district court denied the motion on the grounds that it lacked jurisdiction under FED. R.CRIM. P. 32(e) to entertain such a motion after sentencing. Murdock did not file a notice of appeal as to that order. This action is now before this court on direct appeal of Murdock's sentence.

Federal Rule of Criminal Procedure 32(e) states:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

Murdock was sentenced on June 14, 2001. Seven days later, on June 21, Murdock filed notice of appeal. Nearly one month later, on July 18, 2001, Murdock filed his motion to withdraw his guilty plea in the district court. At no point has he invoked 28 U.S.C. § 2255. The district court was therefore correct in ruling that it lacked jurisdiction to entertain Murdock's motion to withdraw his guilty plea. *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.1993).

Murdock nonetheless argues on direct appeal that the district court committed reversible error by denying his motion to withdraw his guilty plea. This argument is without merit, since the district court properly held that it never had jurisdiction to entertain that motion. Rule 32(e) permits review on direct appeal, but only where the basis for the appeal appears in the district court record under review. There is no basis for appeal in the record here because the district court did not err in dismissing Murdock's motion for lack of jurisdiction, and this is the only error Murdock cites in the record before us. At this stage, Murdock's substantive argument regarding the alleged deception of his attorneys and improper influence on his plea is a collateral attack that should be brought in a § 2255 motion.

For the forgoing reasons, we AFFIRM the sentence imposed by the district court.